IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney


Civil Action No. 1:23-cv-00178-CNS-SBP


BRADFORD WAYNE SNEDEKER, SR.,

      Plaintiff,

v.

STATE OF COLORADO,
ANJALI NANDI,
DENISE MERTZ,
ANGELA CAMPBELL,
JENNIFER BAUMGARDNER,
DOUGLAS WILSON,
MEGAN RING,
APRIL COLEMAN,
NELISSA MILFELD,
HILARY BERNAND,
FRANK WIEGLE,
NICOLE COLLINS,
MATT MCCONNELL,
SCOTT MCOMAS,
BEN COLLETT,
MARC MALAVITZ,
GREG FRIEDMAN,
STANLEY GARRETT,
MICHAEL DOUGHERTY,
SEAN FINN,
MS. JEAN,
MS. VAN NICE,
JACK PETERS,
CHRISTINE RINKE,
JANE WALSH,
MARK HUSMANN,
JUDGE DOLORES MALLARD,
JUDGE PATRICK BUTLER,
JUDGE PATRIC FRANCIS MULIVAHILL,
JUDGE BAKKE,

JUDGE MONTGOMERY,
JIM TANNER,
STERLING CORRECTIONAL FACILITY,
CROWLEY COUNTY CORRECTIONAL FACILITY,
CORE CIVIC,
CURTIS JOHNSON,
DEBBIE CROSSER,
MARIO CANO,
AMIE TATE, and
MERIDETH MCGRATH,

     Defendants.

---

## ORDER

---

     Plaintiff Bradford Wayne Snedeker, Sr. alleges that *each of the 40 Defendants* are "complicit actors in an illegal RICO enterprise with the intention of fraudulently depriving Plaintiff of his constitutionally protected rights." ECF No. 51-1 (Second Amended Complaint or SAC), ¶ 7. He alleges that, through this criminal enterprise, "Plaintiff has been unlawfully arrested for crimes which he did not commit, illegally charged by the Grand Jury, illegally tried by a drunk judge, ineffectively represented by counsel who refused to move to recuse the drunk judge, and, almost immediately after his initial filing of this federal lawsuit, was arrested and charged with additional crimes which he did not commit." *Id.*, ¶ 9. Among other relief, he asks that this Court declare that "Plaintiff was unlawfully and unjustly convicted of securities violations in Colorado." *Id.* at 61.

     Before the Court is United States Magistrate Judge Susan Prose's Recommendation on Several Motions. ECF No. 113 (Recommendation). Plaintiff filed an

objection to the Recommendation. ECF No. 118. Although Defendants have not yet responded to Plaintiff's objection, the Court finds there is sufficient briefing in the record to rule on Plaintiff's objection. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

## I.  SUMMARY FOR PRO SE PLAINTIFF

On October 19, 2023, you filed a Motion for Leave to File a Second Amended Complaint (SAC). ECF No. 51. Prior to filing your motion for leave to amend, several Defendants filed motions to dismiss your First Amended Complaint. *See* ECF Nos. 36, 39. This Court had already referred those motions to dismiss to Magistrate Judge Prose for initial determination. It also referred your other pending motions, including your motion for leave to amend. Magistrate Judge Prose recommended that this Court grant in part and deny in part your motion to amend. She then treated the motions to dismiss as directed to your SAC.

As you are aware, Magistrate Judge Prose made several recommendations, including that this Court (a) dismiss all claims in your SAC (except the Eighth Amendment claims against the Sheriff, CoreCivic, Crowley County Correctional Facility (CCCF), Sterling, and the claims against Ms. Paswaters concerning the ongoing 2023 criminal proceedings against Plaintiff) for lack of subject matter jurisdiction (however, she recommended dismissing those claims for other reasons); (b) grant Defendant Sheriff Johnson's motion to dismiss, ECF No. 36, on qualified immunity grounds; (c) grant CoreCivic and CCCF's motion to dismiss, ECF No. 39; (d) dismiss without prejudice the Eighth Amendment claim against Sterling; (e) grant the State Defendants' motion to

3

dismiss, ECF No. 99; (f) dismiss without prejudice your claims against Ms. Paswaters concerning the 2023 criminal proceedings; (g) dismiss without prejudice your claim for punitive damages; and (h) deny as moot the motions to quash service, ECF Nos. 37, 95, and 101.

You filed an 18-page objection to the Recommendation. ECF No. 118. You raised objections with respect to Magistrate Judge Prose's finding that you violated Local Rule 15.1. *Id.* at 2. You then argued that your claims are not barred by the *Rooker-Feldman* doctrine, the Colorado Governmental Immunity Act (CGIA), the Eleventh Amendment, and the *Younger* abstention doctrine. *Id.* at 2–12. Next, you argued that your Eighth Amendment claims should not be dismissed without first having the opportunity to present evidence in support of your claims. *Id.* at 12–13. You then asserted that qualified immunity does not shield Defendants because you have sufficiently pleaded your claims. *Id.* at 13–18.

After considering the arguments raised in your objection and performing a de novo review of the Recommendation, the Court is overruling your objection, and it is affirming and adopting Magistrate Judge Prose's Recommendation. The Court will explain why it is doing so further below. This Order will discuss the legal authority that supports this conclusion.

## II.   RELEVANT FACTUAL BACKGROUND

Plaintiff's claims target his prosecution, conviction, sentencing, probation, and resentencing in Colorado state courts. *See generally* ECF No. 6 (First Amended Complaint or FAC). He alleges that he was convicted of securities fraud "on or about April

18, 2015." FAC, ¶ 7. On July 29, 2015, Plaintiff was sentenced on those offenses to four years of incarceration (on one count) and 20 years of probation (on another count), to be served consecutively. *Id.*, ¶ 9. He served his four-year sentence in CCCF and was released in May 2016, having earned good-time credit, to a halfway house called "Fort Collins." SAC, ¶ 167. He lived in the halfway house for seven months through the summer of 2017, when he was placed on parole. *Id.*, ¶ 168. He exited parole in June 2018. *Id.*, ¶ 171. He then went home to live with his family and was working, when "he was suddenly arrested again on false charges, and entered the Boulder County jail on June 13, 2019." *Id.*, ¶ 173.

In June 2019, Plaintiff alleges that several individuals in the Boulder County Probation Department falsely accused him of violating probation. *Id.*, ¶¶ 184–87. He posted bond in July 2019. *Id.*, ¶ 188. Around the same time, however, the Colorado Supreme Court issued *Allman v. People*, 451 P.3d 826 (Colo. 2019), which held that sentencing a defendant to incarceration on one count and probation on another is not permissible. SAC, ¶ 175. The prosecutor on Plaintiff's revocation proceeding agreed that resentencing (on the 2015 conviction) was appropriate and the revocation proceeding was dismissed. Plaintiff alleges that in February 2021, he was resentenced to the same 20-year probation sentence (with credit for the four years he had served), and in addition was sentenced to four more years of incarceration—apparently on another state court conviction in which he had originally been sentenced to 15 years of probation. *Id.*, ¶¶ 195–96. He went back to prison on February 11, 2021. *Id.*, ¶ 198.

Plaintiff served the second four-year sentence in Sterling Correctional Facility and was released in December 2022 on good-time credit. *Id.*, ¶ 208. He was then sent to Longmont Community Treatment Center, a halfway house operated by Defendant CoreCivic, where he stayed until February 24, 2023. *Id.*, ¶¶ 208, 216. At that time, Plaintiff alleges that he was again falsely arrested and charged with new offenses. *Id.*, ¶¶ 216–47. The State Defendants note that there are two new criminal proceedings pending against Plaintiff, both filed in 2023. ECF No. 99 at 7–8. Plaintiff also alleges that his appeal of the 2021 resentencing (or revocation of his probationary sentence) was pending at the time he filed the proposed SAC. SAC, ¶ 189.

### III.    PROCEDURAL BACKGROUND AND PENDING MOTIONS

Plaintiff filed his original complaint on January 20, 2023. ECF No. 1. He filed his FAC on February 3, 2023. ECF No. 6. In the FAC, Plaintiff brought four claims, each "Against All Defendants": count one under 42 U.S.C. § 1983, for violations of the Fifth and Fourteenth Amendments; count two for fraud; count three for negligence; and count four for defamation. *Id.* at 9–14. He requested a declaration that states "Plaintiff was wrongfully and unjustly convicted of a securities violation," and he sought $25 million in damages, among other things. *Id.* at 5.

In his proposed SAC, Plaintiff asserts 12 claims against 40 Defendants. He seeks to add two Defendants (his sister-in-law, Ms. Paswaters, and Boulder County) and to assert the following claims: (1) a civil claim under the Racketeer Influenced and Corrupt Organizations Act (RICO); (2) an omnibus claim under § 1983 for malicious prosecution and arrest, imprisonment on "a false violation," unconstitutional conditions of confinement,

due process violations in permitting an allegedly inebriated judge to conduct his trial and sentencing, and other "unjust behavior in the way Plaintiff was treated during his investigation, incarceration, parole, and probation," all in violation of the Fifth, Eighth, and Fourteenth Amendments; (3) a claim labeled "Abuse of Public Office and Official Oppression by all Defendants except Paswaters, C.R.S. § 18-8-403"; (4) a claim for "Abuse of Process by Paswaters and all Attorney and Judicial Defendants"; (5) a civil conspiracy claim; (6) a fraudulent misrepresentation claim; (7) a claim alleging a violation of the Colorado Organized Crime Control Act (COCCA), Colo. Rev. Stat. § 18-17-101; (8) a claim for damages under 28 U.S.C. § 1495 for unjust conviction and imprisonment for an offense against the United States; (9) a claim for intentional infliction of emotional distress; (10) a negligence claim; (11) a defamation claim; and (12) a claim for punitive damages. SAC, ¶¶ 262–85. Plaintiff now seeks $100 million and an "order stating that Plaintiff was unlawfully and unjustly convicted of securities violations in Colorado." SAC, ¶¶ 261, 275, 309; *see also id.* at 61.

As noted, Magistrate Judge Prose recommended granting in part and denying in part Plaintiff's motion for leave to amend, and then she treated the pending motions to dismiss as directed to the SAC. Plaintiff did not challenge this approach, and in any event, the Court finds that it was the right approach. *See Bird v. Easton*, 859 F. App'x 299, 302 (10th Cir. 2021); *Nava v. Goal Academy*, No. 23-cv-00052-MDB, 2023 WL 2479949, at *1 (D. Colo. Mar. 13, 2023).

**A.  ECF No. 36: Defendant Sheriff Johnson's Motion to Dismiss**

Boulder County Sheriff Curtis Johnson (the Sheriff) moves to dismiss Plaintiff's FAC. In his response, Plaintiff conceded that he failed to adequately plead facts to support his claim against the Sheriff, and that he anticipated seeking leave to amend the FAC to correct those deficiencies. ECF No. 44 at 2–3. Plaintiff opposed the Sheriff's other arguments for dismissal (the CGIA, the *Rooker-Feldman* doctrine, and qualified immunity). *Id.* at 3–7.

### B.   ECF No. 39: Motion to Dismiss From CoreCivic and Crowley County Correctional Facility (CCCF)

CoreCivic and CCCF move to dismiss the FAC under Rule 12(b)(6). Plaintiff responded and conceded that the FAC fails "to state the facts relevant and specific to Defendants and failed to properly allege causes of action against each of them sufficient to survive a motion to dismiss." ECF No. 43 at 1–2.

### C.   ECF No. 99: State Defendants' Motion to Dismiss

Defendants Judge Bakke, April Coleman, Nicole Collins, Denise Mertz, and the State of Colorado (collectively referred to as the State Defendants) move to dismiss under Rules 12(b)(1), (5) and (6). Judge Bakke is a judicial officer in the 20th Judicial District, Boulder County. Ms. Coleman and Ms. Collins are attorneys in the Office of the State Public Defender. Ms. Mertz works in the Boulder County Probation Department. Plaintiff opposed this motion, ECF No. 104, and the State Defendants replied. ECF No. 108.

### D.   ECF Nos. 37, 95, and 101: Motions to Quash Service of Process and For Dismissal Under Rule 12(b)(5)

Defendants Mark Husmann, Christine Rinke, and Adrian Van Nice move to quash service and to dismiss for insufficient service of process. ECF No. 37. Plaintiff responded

and conceded that he failed to properly serve the FAC on these Defendants. ECF No. 45 at 3. In the meanwhile, however, Mr. Snedeker reattempted service on these Defendants (whether of the FAC or the proposed SAC is unclear). These Defendants join (with other Defendants) in another motion to quash service and to dismiss. ECF No. 95.

The "Boulder County Defendants" (Michael Dougherty, Sean Finn, Stanley Garnett, Mark Husmann, Jack Peters, Christine Rinke, Ms. Van Nice, and Jane Walsh) move to quash service and to dismiss for insufficient service of process under Rule 12(b)(5). ECF No. 95. Plaintiff opposed Defendants' motion. ECF No. 103.

Defendant Sterling Correctional Facility's moves to quash service and to dismiss pursuant to Rule 12(b)(5). ECF No. 101. Plaintiff opposed this motion as well. ECF No. 106. Sterling replied. ECF No. 109.

## IV.    STANDARD OF REVIEW AND LEGAL STANDARDS

### A.  Rule 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction. Rule 12(b)(1) challenges assume two forms. First, the moving party may mount a "facial attack" that challenges the complaint's allegations as to the "existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). Second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Id.* (citation omitted). It is well settled that Plaintiff bears the burden of establishing subject matter jurisdiction because he is the party asserting it. *Port City Props. v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

In this case, Defendants implicate the first type of Rule 12(b)(1) challenge, arguing that Plaintiff cannot establish jurisdiction because his claims are barred by the Eleventh Amendment, the *Rocker-Feldman* doctrine or *Younger* Abstention, and the CGIA. *See* ECF No. 99 at 4.

### C.  Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g., Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the

court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## V.   ANALYSIS

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has conducted a de novo review of those parts of the Recommendation that Plaintiff properly objected to. The Court's analysis follows, but as noted above, the Court concurs with the analysis of Magistrate Judge Prose and overrules each of Plaintiff's objections.

### A.  Plaintiff's Motion for Leave to Amend and Local Rule 15.1

Plaintiff filed a motion for leave to file a SAC. ECF No. 51. He attached the proposed SAC, but it does not show the alterations in the text as required by Local Rule 15.1(b). ECF No. 51-1. Plaintiff quibbles—unconvincingly—that he has "not ignored Local Rule 15.1 or this Court's Order." ECF No. 118 at 2. Not so.

Plaintiff argues he "substantially rewrote his SAC" such that it "would not have been feasible, or made for easy reading to strike through and underline the entire document." *Id.* (also explaining that he "did this for the Court's comfort, not to disobey the Court Order"). But Local Rule 15.1 makes no exception to its redline rule. The Court therefore affirms Magistrate Judge Prose Recommendation that none of the claims in the SAC will relate back to the filing of either the original complaint or the FAC under Rule 15(c), and the Court will treat all claims in the SAC as filed October 19, 2023, for purposes of the statute of limitations.

On the point of following court rules, Plaintiff filed a 19-page objection to the Recommendation. Plaintiff again ignored a civil rule—this time the Uniform Civil Practice Standards. *See* CNS Civ. Practice Standards 72.3(c) ("All Objections to Magistrate Judge Recommendations and Orders and responses to Objections are limited to ten (10) pages.").

The Court expects Plaintiff to comply with the Local Rules, the Uniform Civil Practice Standards, and all other civil rules. The Court will summarily deny any future pleadings, should there be any, that fail to comply with these rules (especially those rules Plaintiff has been warned to follow). *See* ECF No. 48 (Magistrate Judge Prose directing Plaintiff to D.C.Colo.LCivR 15.1(b), explaining that the rule requires Plaintiff to attach as an exhibit to any motion to amend a copy of the proposed amended pleading which strikes through the text to be deleted and underlines the text to be added).

### B.  The *Rooker-Feldman* Doctrine

Magistrate Judge Prose determined that subject matter jurisdiction is lacking for the "great majority" of Plaintiff's claims under the *Rooker-Feldman* doctrine. Recommendation at 20. "The *Rooker-Feldman* doctrine is derived from 28 U.S.C. § 1257(a), [which] provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Suasnavas v. Stover*, 196 F. App'x 647, 652 n.3 (10th Cir. 2006) (internal quotation omitted). "The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004). The doctrine "precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255, 1261 (10th Cir. 2012).

In this case, Magistrate Judge Prose found that all of Plaintiff's claims against all Defendants in both their individual and official capacities—except the portions of his claims concerning (a) conditions of confinement and (b) the ongoing 2023 criminal charges against him—impermissibly ask the court to find his state court conviction unlawful and would otherwise require the Court to overturn or invalidate that judgment. Recommendation at 23. The Court agrees.

In his objection, Plaintiff argues that he is "not complaining of any injury from state court" nor is he "asking this Court to reverse the state court decisions." ECF No. 18 at 3. Rather, he brought this federal action to "address the corruption by multiple state and county actors, as part of an unlawful enterprise that has injured him during, but apart from

13

his state court judgments." *Id.* And, Plaintiff says that he is "asking this Court to *examine the circumstances and the acts and omissions of the Defendants surrounding his arrests, his pre-trial, status, his trial, his sentencing, his incarceration, his probation violation, his re-incarceration and his persecution by the Defendants* named in this lawsuit, including the State Defendants." *Id.* (emphasis added). In the Court's view, Plaintiff's tangled explanation is a distinction without a difference.

Magistrate Judge Prose correctly determined that the *Rooker-Feldman* doctrine applies to most all of Plaintiff's claims. Nothing in Plaintiff's objection warrants a different outcome.[1]

### C.  The Colorado Government Immunity Act

Magistrate Judge Prose determined that subject matter jurisdiction is lacking over all *state law* claims against all of the public-entity and public-employee Defendants whose conduct falls within the scope of the Colorado Governmental Immunity Act (CGIA). Recommendation at 25. Under the CGIA, public employees are generally immune from liability in all claims for injury that lie[] in tort or could lie[] in tort." Colo. Rev. Stat. 24-10-118(2). At bottom, Magistrate Judge Prose found that Plaintiff did not allege that he complied with the notice provision of the CGIA, including that he give notice in writing within 182 days after the date of the discovery of the injury as a prerequisite to filing suit. Recommendation at 25 (citing Colo. Rev. Stat. § 24-10-109(1)).

---

[1] The Court has analyzed each argument raised by Plaintiff in his objection. Although the Court may not address each argument in this order, it has considered and rejected each argument.

14

Plaintiff argues that he "substantially complied with § 24-10-109(1)" and thus has satisfied the notice requirements. ECF No. 18 at 4. Plaintiff's position has changed, as he originally argued that he could and would correct his pleading failure. ECF No. 44 at 2. However, he has not done so, and his argument in his objection (that his "original complaint in this matter" put Defendants on notice) is unavailing. *See Tafoya v. Limon Corr. Facility*, No. 20-cv-0768-WJM-NRN, 2020 WL 6565230, at *3 (D. Colo. Nov. 9, 2020) ("[A] claimant *must allege in his or her complaint* that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim." (quoting *Kratzer v. Colo. Intergovernmental Risk Sharing Agency*, 18 P.3d 766, 769 (Colo. App. 2000))). Even in his objection, Plaintiff fails to argue (or argue that he alleged) that he gave notice within 182 days of discovering the injury. Moreover, it is impossible for his Complaint to serve as notice given the statute's requirement that a party wait until a response to the notice is received, or ninety days have passed, *before* filing a complaint in court. Colo. Rev. Stat. § 24-10-109(6). His allegations, therefore, necessarily fail.[2]

To sum up, Plaintiff has failed to show that the claims against the Sheriff and the State Defendants under Colorado law should not be dismissed for lack of subject matter jurisdiction for failure to comply with the CGIA's notice provision. The Court finds that all state law claims against all Defendants who are public entities or public employees are dismissed without prejudice for lack of subject matter jurisdiction. *See Garman v.*

---

[2] Plaintiff also argues that "Defendants' actions of persecuting Plaintiff and violating his constitutional rights over and over again by denying him due process of law, by lying about him, and by doing all of the acts and omissions alleged in his Second Amended Complaint are willful and wanton." ECF No. 118 at 4. Plaintiff provides no support for this unfounded assertion except by pointing the Court to the entire SAC. This conclusory objection to the Recommendation is insufficiently vague to warrant reconsideration.

*Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2019 (dismissal for lack of subject matter jurisdiction is generally without prejudice).

### D. Eleventh Amendment Immunity and *Younger* Abstention

Magistrate Judge Prose determined that subject matter jurisdiction is also lacking over all claims against the State Defendants, Boulder County, and all public employee Defendants (except the Sheriff) in their official capacities because these claims are barred by the Eleventh Amendment. Recommendation at 27–28.

In his objection, Plaintiff primarily argues that the plain language of the Eleventh Amendment does not bar suits against a state when the plaintiff is from the defendant state. ECF No. 18 at 7 (explaining that Plaintiff is a Colorado resident). True. The plain language of the Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, *commenced or prosecuted against one of the United States by Citizens of another State*, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. However, as Magistrate Judge Prose explained, the Eleventh Amendment has been interpreted to bar any action brought against a state in federal court, *including suits initiated by a state's own citizens*. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("Even though the clear language does not so provide, the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." (quotation and citations omitted)).

Magistrate Judge Prose also determined that *Younger* abstention applies to Plaintiff's prospective injunctive relief. Recommendation at 30–31. To this, Plaintiff argues that *Younger* only applies to criminal prosecutions and thus does not apply to Plaintiff's

16

claims. ECF No. 118 at 8. The Court disagrees yet again. Here, the only ongoing conduct that Plaintiff challenges is in connection with the pending 2023 criminal prosecutions. Caselaw makes clear that, "[a]bsent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings under *Younger v. Harris*." *Hodson v. Reams*, 823 F. App'x 659, 660 n.2 (10th Cir. 2020) (citing 401 U.S. 37, 91 (1971)). And because all three *Younger* requirements are met, *see* Recommendation at 32, and because Plaintiff has failed to make the requisite showing of bad faith, harassment, or other unusual circumstances sufficient to meet his heavy burden to overcome the bar of *Younger* abstention, the Court finds it appropriate to dismiss without prejudice all of Plaintiff's claims against the State Defendants, Boulder County, and the public employee Defendants in their individual and official capacities—either under *Younger* abstention or the Eleventh Amendment. *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) ("Because Eleventh Amendment immunity is jurisdictional, th[e] dismissal should [be] without prejudice."); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 12223, 1228 (10th Cir. 2004) ("Younger abstention is jurisdictional").

The Court finds Plaintiff's remaining arguments equally unavailing.

* * *

In sum, Magistrate Judge Prose recommended dismissing without prejudice all claims against all Defendants[3] for lack of jurisdiction under *Rooker-Feldman*, the CGIA,

---

[3] The Court acknowledges that not all of the 40 Defendants have appeared or moved to dismiss Plaintiff's Complaint. However, the Court agrees with Magistrate Judge Prose that a district court has an obligation to address the lack of subject matter jurisdiction *sua sponte*. Recommendation at 28 n.15. The Court also agrees that a district court "may dismiss a case *sua sponte* under Rule 12(b) when it is patently obvious that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007). Plaintiff did not directly address these Recommendations, but in all events, the Court agrees

the Eleventh Amendment, or *Younger*—except the Eighth Amendment claims against the Sheriff, CoreCivic, Crowley, and Sterling, and the claim against Ms. Paswaters concerning the ongoing 2023 criminal proceedings, which she recommended dismissing for other reasons. As noted, the Court agrees with these Recommendations. It thus overrules Plaintiff's objections and accepts these Recommendations.

### E.  The Eighth Amendment Claims

#### i.   The Sheriff

The Sheriff moves to dismiss Mr. Snedeker's § 1983 claim concerning the conditions of his confinement in the Boulder County Jail in 2015, SAC ¶¶ 149–56, which is brought against the Sheriff in his individual capacity. The Sheriff asserts a qualified immunity defense. *See* ECF No. 36 at 8. Magistrate Judge Prose found that Sheriff Johnson is entitled to qualified immunity. Recommendation at 45–47. She first found that Plaintiff failed to plead a constitutional violation at all—much less one that was clearly established at the time of the alleged conduct. *Id.* She also found, among other reasons, that because Plaintiff failed to allege the Sheriff's personal participation in the alleged constitutional violation, the Sheriff is entitled to qualified immunity on this basis as well. *Id.* And finally, Magistrate Judge Prose found that Plaintiff failed to allege that he sustained a deprivation of the "minimal civilized measure of life's necessities" or that he suffered any injury beyond mere discomfort. *Id.* at 47 (quoting *Thompson v. Lengerich*,

---

with Magistrate Judge Prose. This is especially true here, where Plaintiff asserts all 12 of his claims against all Defendants. (The lone exception is claim three—"Abuse of Public Office & Official Oppressions"—where he expressly excludes Ms. Paswaters.)

No. 22-1128, 2023 WL 2028961, at *3 (10th Cir. Feb. 16, 2023) (quotation and citation omitted).

In his objection, Plaintiff argues that there is no cause to dismiss his SAC before he has had a chance to present the evidence to show that he was deprived of a basic human necessity. ECF No. 118 at 12. The Court disagrees. The facts alleged in Plaintiff's SAC fall far short of pleading an Eighth Amendment violation. For example, he contends that he was denied distilled water and cleaning solution for his continuous positive airway pressure (CPAP) machine; that he was not given medicine for a toenail fungus; that he was not given a cracker to take with his nighttime medication; and that the facility had an "extreme mold infestation" in its showers and no shower-shoe protocol. SAC, ¶¶ 155–56. Without more, these allegations do not plausibly suggest a deprivation of constitutional magnitude.

And in response to the qualified immunity determination, Plaintiff makes absolutely no effort to satisfy his heavy burden of showing "(1) that the defendant's actions violated a federal constitutional or statutory right, and if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotations omitted). Instead, Plaintiff offers his opinion of the "purpose of qualified immunity," digressing into irrelevant (for his purposes) tangents. *See, e.g.*, ECF No. 118 at 17 ("In practice, [the qualified immunity] doctrine has been applied inconsistently, and more according to political leanings than any judicial standards. Many conservative judges continue to grant immunity for egregious constitutional violations, including killing unarmed, non-dangerous citizens.").

Plaintiff simply has not met his burden to overcome Sheriff Johnson's defense of qualified immunity, and therefore, the Court will dismiss with prejudice Plaintiff's Eighth Amendment claim against Sheriff Johnson. *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010 (dismissal based on qualified immunity should be with prejudice); *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1342 (10th Cir. 2000) (same).

> ii.   *CoreCivic, Crowley County Correctional Facility, and Sterling Defendants*

Magistrate Judge Prose recommended granting CoreCivic and CCCF's motion to dismiss. Recommendation at 47–51. Because Plaintiff does not specifically object to this portion of the Recommendation, the Court accepts Magistrate Judge Prose's analysis and Recommendation with respect to these Defendants. Accordingly, the Eighth Amendment claims against CoreCivic and CCCF are dismissed without prejudice.

And as Magistrate Judge Prose points out, Sterling has not yet filed a motion to dismiss the SAC under Rule 12(b)(6). Recommendation at 51. However, "[a] district court may dismiss a case *sua sponte* under Federal Rule Civil Procedure 12(b) when it is patently obvious that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007). Here, Magistrate Judge Prose found this to be the case, recommending that this Court dismiss without prejudice the Eighth Amendment claims against Sterling. Plaintiff also failed to specifically object to this Recommendation, and the Court finds the Recommendation reasonable and correct.

Accordingly, the Eighth Amendment claim against Sterling is dismissed without prejudice.[4]

### F. The Claims Against Ms. Paswaters Concerning the Ongoing Criminal Prosecutions

Magistrate Judge Prose recommended dismissing the federal claims against Ms. Paswaters without prejudice. Recommendation at 54. And because of that recommendation, Magistrate Judge Prose recommended declining to exercise supplemental jurisdiction over the state law claims against Ms. Paswaters. *Id.* (citing 28 U.S.C. § 1367(c)(3)); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (when a district court dismisses all federal claims, in its discretion, "the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims").

Other than his general objections, Plaintiff offers no specific objection to this recommendation.[5] Accordingly, Plaintiff's claims against Ms. Paswaters concerning the 2023 criminal proceedings are dismissed without prejudice.

\* \* \*

---

[4] Plaintiff makes broad objections concerning Magistrate Judge Prose's Recommendation that Plaintiff's SAC cannot survive a Rule 12(b)(6) challenge. *See* ECF No. 118 at 13–15 (first explaining the Rule 12(b)(6) standard, and then arguing that the "Amended Verified Complaint presents a detailed recitation of Plaintiff's allegations that more than satisfies the pleading requirements," and that a "review of the entire Complaint demonstrates that it does not rely upon mere legal conclusions but contains a detailed factual account of all of the Defendants' illegal practices which establish their liability for the violations under RICO, § 1983 and each of the states claims"). Because Plaintiff failed to point to specific allegations in his SAC, these vague, sweeping arguments are unhelpful in the Court's review.

[5] Plaintiff makes one comment about Defendant Paswaters, arguing that, "it appears that the Magistrate [Judge], in her Recommendations, has set out language that is oddly in defense of Defendant Sheila Paswaters, including setting out her legal remedies. This is a conflict of interest for a Magistrate judge to tell a party how to represent themselves in a case before the Magistrate." ECF No. 118 at 18. The Court finds nothing objectionable about the Recommendation and will disregard this vague, conclusory statement.

Consistent with the above analysis, the Court overrules Plaintiff's objections and accepts, adopts, and affirms Magistrate Judge Prose's Recommendation in its entirety.

## VI.   CONCLUSION

Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge Prose's Recommendation, ECF No. 113, in its entirety as an order of this Court. Consistent with the above analysis, the Court makes the following rulings:

- Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 51, is GRANTED in part and DENIED in part.

- All claims in the Second Amended Complaint (except the Eighth Amendment claims against the Sheriff, CoreCivic, Crowley, Sterling, and the claims against Ms. Paswaters concerning the ongoing 2023 criminal proceedings against Mr. Snedeker) are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction (however, those claims are dismissed for other reasons).

- Defendant Sheriff Johnson's Motion to Dismiss, ECF No. 36, is GRANTED. The Eighth Amendment claim against Sheriff Johnson is DISMISSED WITH PREJUDICE under the doctrine of qualified immunity.

- The Motion to Dismiss From CoreCivic and Crowley County Correctional Facility (CCCF), ECF No. 39, is GRANTED. The Eighth Amendment claims against CoreCivic and CCCF are DISMISSED WITHOUT PREJUDICE.

- The Eighth Amendment claim against Sterling is DISMISSED WITHOUT PREJUDICE.

- The State Defendants' Motion to Dismiss, ECF No. 99, is GRANTED.

- Plaintiff's claims against Ms. Paswaters concerning the 2023 criminal proceedings are DISMISSED WITHOUT PREJUDICE.

- Plaintiff's punitive damages claim is DISMISSED WITHOUT PREJUDICE.

- The Motions to Quash Service of Process and For Dismissal Under Rule 12(b)(5), ECF Nos. 37, 95, and 101, are DENIED as MOOT.

As all claims against all Defendants are dismissed, the Clerk of Court is directed to close this case.

DATED this 31st day of March 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge